REGAN, Judge.
The plaintiffs, Herbert A. LeBlanc, the owner and operator of a DeSoto automobile and his liability insurer, St. Louis Fire & Marine Insurance Company, instituted this suit against the defendant, Mrs. Mary J. Meyer, the owner and operator of a Chevrolet automobile, endeavoring to recover the sum of $190.16, representing property damage incurred by LeBlanc’s car on November 7, 1951, at 3:30 P.M. as the result of a collision in the 1100 block of Annunciation Street, in the City of New Orleans, between the foregoing vehicles.
The defendant answered and denied that she was guilty of any negligence and insisted that the accident was caused solely by the negligence of LeBlanc.
From a judgment in favor of the defendant dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that LeBlanc, accompanied by Mis. Pearl McGinn, was operating his DeSoto automobile in the right traffic lane of Annunciation Street, moving in an uptown direction at a speed (which is disputed by the defendant) of twenty miles per hour. Prior to the collision defendant’s vehicle was parked in Annunciation Street parallel to the right-hand curbing facing uptown. LeBlanc insists that as his vehicle approached the area where the defendant’s Chevrolet was parked, she suddenly and without the manifestation of a warning emerged from the curb, at a forty-five degree angle, and into the path of his automobile; he spontaneously steered the vehicle to the left, but this maiieuver proved to be unsuccessful in endeavoring to avoid the accident.
The foregoing version of the accident is fully corroborated by the passenger, Mrs. McGinn.
Roy Toribio, a pedestrian, testified that he was walking on the sidewalk in the 1000 block of Annunciation Street and while he did not see the accident, he did observe LeBlanc’s car when it passed him moving at a very moderate rate of speed.
Defendant, on the other hand, related that before moving from her parked position she carefully evaluated the approach of traffic from the rear by turning her head and looking about three hundred feet into that direction; satisfied that the roadway was clear she then started to move her vehicle away from the curbing at a forty-five degree angle and when it was not “exactly straightened out” she was struck by plaintiff’s car moving at a fast rate of speed.
To substantiate her assertion that Le-Blanc was driving at a fast rate of speed the testimony of Mrs. Pearl Joachim was offered in evidence. She related that she was driving in-Annunciation Street, moving in the opposite direction from LeBlanc and that when she had arrived at a point about three hundred feet beyond the defendant’s parked automobile, or when she was approximately in the middle of the 1000 block' of' Annunciation Street, the LeBlanc car passed her moving thirty to forty miles per hour. While she did not see the accident occur, she heard the sound of the collision and looked in her rea-r view mirror and identified one of the vehicles involved as the LeBlanc car.
We have made a careful analysis of the record and we are convinced that the plaintiff’s speed was moderate. The accident occurred because defendant, if she actually looked, failed to observe the approach of the LeBlanc automobile when she decided to emerge from her parked position into the roadway of Annunciation Street. Obviously LeBlanc’s automobile was very close to defendant’s parked vehicle and if she had looked there was nothing obstructing her view of its approach. Whatever the operator of an automotive vehicle can see, she must see, and, in legal contemplation, she does see. *752 ller failure to observe what she could have seen by the diligent exercise of the sense of sight does not absolve her from liability.
The amount of the damages is not in dispute and, therefore, no useful purpose would be served by a discussion thereof.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, Herbert A. LeBlanc, and against the defendant, Mrs. Mary Georgiana Jones Meyer, in the full sum of $50, and in favor of the plaintiff, St. Louis Fire & Marine Insurance Company, and against the defendant, Mrs. Mary Georgiana Jones Meyer, in the full sum of $140.16.
Reversed.