FRUGÉ, Judge.
This suit arose as a result of a collision which occurred on April 13, 1959, on Third Street in the City of Eunice. Mr. and Mrs. John B. Carroll and their insurer were made defendants herein. Negligence of defendant, Mrs. Carroll, is alleged as the sole proximate cause of the collision. From a judgment rejecting plaintiff’s demands for damages plaintiff has appealed.
The facts are substantially these. Defendant, Mrs. Carroll, parked her automobile across the street from the “telephone building” located on Third Street while she went in to pay her bill. Third Street runs north and south and accommodates two lanes of traffic in opposing directions. Parallel parking is allowed on both sides of the street. Mrs. Carroll’s car was parked approximately three car lengths north of the intersection of Walnut Street and Third Street. After her mission was accomplished she emerged from the building and crossed the street to her automobile. She testified that as she crossed the street she looked in both directions and saw that there was no traffic in either direction. She entered her car from the street or driver’s side, started her car, backed up slightly from the car parked in the front of her, saw no cars approaching and nosed-out about two feet from the rear left of the car parked immediately in front of her and again looked into her “side mirror” and saw plaintiff’s car, driven by Mrs. Pedigo, approximately a block away and approaching from the rear in the northbound lane. Defendant stopped her car where it was assuming that the driver of the approaching automobile would see her and drive around her. Mrs. Pedigo proceeded north on Third Street, slowed for the Walnut Street intersection, and continued driving until her car was alongside defendant’s at which time she heard a crashing sound and stopped. The Pedigo car had collided with the front left bumper and fender of the Carroll car. Plaintiff’s car was damaged *402 from the front right bumper and fender to the back fender. Plaintiff maintains that she was proceeding north on Third Street at about twenty miles per hour, observing the conditions of the road, “looking straight ahead” and that she did not see defendant’s car, but that the first knowledge she had of danger was when she heard a crashing sound. On hearing this sound she stopped and saw that the two cars had collided.
The lower court found that defendant was negligent in partially emerging onto the street and in remaining there, and also found that plaintiff was negligent in not seeing the car protruding into the street. The court therefore found in effect that there was concurrent negligence and denied plaintiff’s claim for damages.
The sole issue at hand is whether or not defendant emerged from her parked position, without warning and into the front of plaintiff’s car at a time when it was impossible for plaintiff to avoid the accident, or whether defendant emerged, saw the car approaching, stopped and waited for plaintiff to pass at a time when plaintiff could have avoided the accident had she been operating her vehicle with the care required of an ordinary and prudent driver.
Plaintiff contends that the trial judge erred in finding Mrs. Pedigo contributorily negligent. Allen v. Metropolitan Casualty Ins. Co. of New York, La.App.1939, 190 So. 163 is cited as authority that she had a right to assume, within reasonable limits, that others would exercise reasonable care, and that the failure to anticipate the omission of such care did not render her negligent. Le Blanc v. Jones, La.App.1955, 79 So.2d 750, 751, is cited as controlling in the case at bar. In the Le Blanc case defendant’s vehicle was parked parallel to the curb. As the plaintiff’s vehicle was passing defendant emerged from the curbing without warning and the collision resulted therefrom. The court in finding for plaintiff stated that:
“The accident occurred because defendant, if she actually looked, failed to observe the approach of (plaintiff’s) automobile when she decided to emerge from her parked position into the roadway ^ ^
The facts in the case at bar distinguish it from the Le Blanc case. Here the trial judge found that Mrs. Pedigo should have observed the defendant and the record discloses that she had ample time to avoid the collision, whereas in the Le Blanc case the court found that defendant had emerged at a time when plaintiff could not have avoided the accident. Plaintiff further maintains that Mrs. Pedigo had the right to assume that all parked vehicles would remain parked until through traffic had passed. We find that this generalization has no application in the case at bar. Defendant did not suddenly emerge into plaintiff’s lane, but rather had been there from the moment that she saw plaintiff’s car one block away. Had Mrs. Pedigo been observant she would have seen what she could and should have seen, and thereby avoided the accident.
In view of the peculiar circumstances of the cases cited by plaintiff we are in full accord with the findings therein. However in view of the circumstances of the case at bar we do not find that those cases are authority for the proposition that Mrs. Pedigo was not negligent. Each case must be decided on its own merits and “the standard the law gives us to apply is that to be exercised by a reasonably prudent motorist under a given set of facts and circumstances then prevailing and not that exercised by imaginary ideal motorists” as was so ably stated in Suire v. Winters, 233 La. 585, 97 So.2d 404, 406. In order to support plaintiff’s position it would be necessary to disregard defendant’s testimony in toto. The record discloses nothing to justify such action. The only eye-witnesses were the participants. The other witnesses testified as to the relative positions of the two vehicles as they were at the time that they arrived at the scene. From their testimony no conclusion can be drawn as to the *403 manner in which the collision occurred. Nevertheless, it is a settled rule of law that, in a given situation, a reasonably prudent motorist may be held negligent if he has a reasonable opportunity to observe vehicles or people in his path and to evaluate the danger of the situation, and if he has such reasonable opportunity through use of ordinary care to avoid an accident and fails to do so. See Brock v. Southern Farm Bureau Cas. Ins. Co., La.App., 94 So.2d 492. In other words, a motorist’s duty to look ahead and observe never ceases and motorists must see what they can see and in legal contemplation do see, and their failure to see what they could have seen by exercising due diligence does not absolve them from liability for resulting injuries to others. See Pardue v. Norred, La.App., 95 So.2d 363. Generally-a driver should see what he could see, and he is negligent if he does not see it. Simoneaux v. State of Louisiana, Department of Highways, La.App., 106 So.2d 742. Although this rule of seeing what you should have seen is in constant evolution, as evidenced by the abundancy of cases thereon, (see Vol. 3 Louisiana Digest, Automobiles “^150) we find that it has appropriate application in the case at bar. Therefore, and in view of the fact that the street was clear of other traffic; that defendant saw plaintiff approaching and held her position and waited; that plaintiff was in the preceding block when defendant partially emerged; that plaintiff was ‘looking straight ahead’, but didn’t see anything, we find that plaintiff was negligent in not seeing what- she could have seen and should have seen. (Emphasis supplied.)
Plaintiff maintains that if Mrs. Pedigo was negligent in not observing defendant’s presence, that nevertheless this negligence was not the proximate cause of the collision. This contention has no merit. It is obvious that had Mrs. Pedigo seen what she should have and could have seen, then as a reasonable and prudent driver she would have avoided this accident. She had ample time and distance in which she could have stopped her car, or she could have driven around defendant into the other lane of traffic since there was no other traffic at the moment.
We find nothing in the record that discloses that the trial judge committed manifest error in dismissing plaintiff’s claims. He observed the demeanor of the witnesses on the witness stand, heard the able argument of counsel and after a careful consideration thereof made his determination of fact and law. Under these circumstances and after a careful consideration of the whole record, the briefs and oral argument of counsel, we find that substantial justice between the parties has been realized.
For the foregoing assigned reasons we find that the judgment of the lower court should be affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.