TATE, Judge.
This is a suit to recover for personal injuries resulting from an intersectional collision. The plaintiff is the driver of one of the motor vehicles involved. Made defendants are the driver (a minor), his parent, and the liability insurer of the other motor vehicle, a pick-up truck. The de-, fendants appeal from adverse judgment awarding damages to the plaintiff.
The sole issue on appeal is whether the plaintiff’s driver’s recovery is barred by his alleged contributory negligence in having failed to see sooner the defendant’s approaching vehicle. Contributory negligence, of course, is a special defense which must be affirmatively established by a preponderance of the evidence in the record. McCandless v. Southern Bell Tel. & Tel. Co., 239 La. 983, 120 So.2d 501; Stansbury v. Mayor and Councilmen of Morgan City, 228 La. 880, 84 So.2d 445.
The accident occurred at the rural intersection of two gravelled roads. At the time, there were no stop-signs, traffic signals, or ordinances regulating the right of way at the intersection, which was therefore governed by the provisions of the “directional” right of way provided by LSA-R.S. 32:237, subd. A:
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of which he might otherwise have.”
*150 Both, vehicles approached the intersection at reasonable speeds, and they both arrived at the intersection at about the same time.
We think that the trial court correctly resolved the facts and determined that the plaintiff was free of contributory negligence according to the legal principles applicable, and we therefore adopt its opinion as our own, as follows:
“Plaintiff [Deshotels] was driving east along the east-west road and the [defendant] minor was driving south along the north-south road. The vehicles collided at about the center of the intersection, and as a result plaintiff sustained severe and painful injuries and certain other damages claimed by him.
“From the testimony, and from the admissions of the [defendant] minor, it is clear that he was negligent in the operation of the truck at the time of the accident. Among other things, he did not keep a proper lookout and failed to yield the right of way to the plaintiff who was approaching the intersection from the right.
“Consequently, the serious question is whether or not plaintiff was guilty of contributory negligence.
“The Court feels, as before stated, that the vehicles collided at or very close to the center of the intersection. Further, that from the evidence plaintiff slowed down and shifted the gears of his car and looked both to the right and the left before proceeding into the intersection, but that when he looked to the left he failed to see the approaching truck and did not see it until at the time of the collision or a split second before its occurrence.
“The Court has carefully read and considered the authorities submitted by both counsel. However, it finds that the Court of Appeal of Louisiana, Second Circuit, the case of Gorman v. Indemnity Ins. Co. of North America, [La.App., 2 Cir.] 134 So. 2d 602, covers facts almost exactly like those in the case here under consideration. This case at page 604 has this to say:
“ ‘There is practically no dispute as to the pertinent facts in this case as stated above. Therefore, we have before us on appeal for determination, purely a question of law which may be stated thusly: Where two motorists approach an intersection at approximately the same time and the one approaching from the right looks in both directions and slowly proceeds to enter same, and is struck by a motorist from her left who was travelling at a moderate rate of speed but did not slow down, is the motorist approaching from the right guilty of contributory negligence for failure to observe the motorist on her left, who was within her vision, or is she free from negligence under the statute which accords her the right of way?
“ ‘We think this issue was decided in Noonan v. London Guarantee & Accident Company, Ltd., La.App., 2 Cir., 1961, 128 So.2d 918, 920, certiorari denied. In that case, this Court was presented with substantially the same factual situation as in the matter now under consideration. After a recitation of the rules governing the duties of motorists afforded a right of way by electric semaphore signals and stop signs, the Court said:
“ ‘ “We now pass to that portion of our jurisprudence which has not been made so certain by any decisions from our Supreme Court. We refer to the question now before us wherein we do not have either a semaphore light or a stop sign, or even knowledge on the part of the motorist on the favored street that the law affords her a right of way. In other words, the plaintiff in this case would clearly be free of any contributory negligence if the right of way had been granted by means of a light or a stop sign, but is she granted such a superior right by the operation of the law under the state statute which gives her such a right of way merely because she was approaching the intersection from the right? Even though we have not been cited to any *151 Supreme Court cases directly on point, we feel the case of Allen v. State Farm Mutual Automobile Insurance Company, La. App., 2 Cir., 1960, 120 So.2d 372, 375, is controlling. In that case the facts were almost identical to those now under consideration except that the accident occurred at the intersection of two highways rather than city streets. In that case we held as follows:
“ ‘ “The general rule is that motorists on right-of-way streets have a right to assume that traffic approaching the intersection from less-favored streets will observe the law and yield the right of way to traffic on such favored streets, and that such motorists can indulge in this assumption until they see, or should see, that the other motorist has not observed, or is not going to observe, the law. * * *
“ ‘ “This principal has application at blind corners, or blind intersections, regardless of whether the movements of traffic is controlled or governed by signal lights, stop signs, or the statutory rule as to directional right of way.” ’ ”
See also: Allstate Insurance Co. v. Shemwell, La.App., 2 Cir., 142 So.2d 866; Landry v. Ostheimer, La.App., 1 Cir., 140 So. 2d 497.
The defendants’ very able counsel re-urges on appeal, however, that the driver on the favored thoroughfare is not relieved of the duty of adequate lookout as to drivers with an inferior right of way; and that this is especially true in instances of “uncontrolled” intersections, such as that with which we are here concerned, where each driver approaches the intersection with the knowledge that his right of entry is inferior to other traffic approaching from at least some other direction.
Under the well established jurisprudence of our Supreme Court, at an intersection controlled by a traffic light or a stop sign, the motorist on the favored street has a right to assume that any driver entering an intersection from the less favored street will observe the law and will yield the right of way before entering the intersection; and the favored motorist can indulge in this assumption until such time as he sees or should see that the inferior car has not observed, or is not going to observe the law. Stevens v. Liberty Mut. Ins. Co., 242 La. 1006, 141 So.2d 346; Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Henderson v. Central Mutual Ins. Co., 238 La. 250, 115 So.2d 339; Steele for Use and Benefit of Steele v. State Farm Mut. Ins. Co., 235 La. 564, 105 So.2d 222; Ryan v. Allstate Insurance Co., 232 La. 831, 95 So.2d 328. If, however, the superior driver sees or should see that the inferior vehicle is going to violate his right of way, and if thereafter the superior driver can reasonably avoid the accident, then the negligence of the superior driver is at least a contributory proximate cause of the accident. Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535.
Very able counsel for the defendants-appellants, however, contends that the same general principles do not necessarily apply at “uncontrolled” intersections at which there is only a directional right of way provided by statute, rather than a right of way clearly indicated by traffic lights or stop-signs. He relies upon a line of jurisprudence which culminated in the recent Supreme Court decision of Smith v. Borchers, 146 So.2d 793 (rendered on November 5, 1962, rehearing denied December 10, 1962), affirming the Fourth Circuit decision reported at 138 So.2d 231.
In Justice McCaleb’s concurring opinion, he summarized the holding of that decision with regard to the duty of a driver with a directional right of way, as follows:
“The intersecting streets involved in this case, Nighthart and Pressburg, are of equal dignity as noted in our opinion. Therefore, it was incumbent upon plaintiff to use reasonable care in her approach to the intersection including, of course, the duty to exercise a proper lookout, as R.S. 32:237 did not grant plaintiff a general right-of- *152 way over vehicles on Nighthawk Street approaching from her left but .only over such vehicles which approached or entered the intersection at ‘approximately the same time’ as plaintiff.
 “The degree of care required of a driver approaching an intersection from the right when the streets are of equal dignity, is much greater than that imposed on a driver approaching an intersection on a favored or right-of-way street, or on a favorable traffic semaphore. In the latter instances, he need exercise only slight care as he is entitled to assume that cross traffic will comply with the law and yield the right-of-way. But, when the intersecting streets are of equal dignity, a motorist has the duty of ascertaining, before he can claim the right to proceed accorded by R. S. 32:237, whether he has arrived or entered the intersection at about the same time as the other vehicle, as cross traffic reaching the intersection first (provided it did not get there as a result of excessive speed) has the right to enter, preempt and complete the crossing notwithstanding the fact that there are other vehicles within the vicinity of the intersection approaching it from the right. The privilege accorded by R.S. 32:237 is a conditional one, a right entirely dependent upon the location of other traffic approaching the intersection.”
Accepting this as a correct statement of the duty of the driver with the right of way at an “uncontrolled” intersection, we nevertheless do not believe that the Supreme Court intended to hold that neither vehicle had the right of way at such intersections. For, after all, entry into the intersection is “««controlled” only in the sense that there are no physical signs indicating which vehicle has the right of way. The legislature, however, has provided a controlling rule governing the right of way of vehicles entering such intersections, namely, that the vehicle approaching at the same time from the right has the superior right to enter into and to proceed across the intersection, LSA-R.S. 32:237,. subd. A.
In the instant case, there is no showing that the plaintiff, with the directional' right of way to enter the intersection, should reasonably have seen the defendants’ vehicle approaching from his left in time to have-observed that it would violate his own-right-of-way and in time to have taken steps to avoid the accident. It has been consistently held that, absent such a showing, the superior driver’s failure to observe the inferior driver prior to the accident is-not a proximate cause of the accident. Central Louisiana Electric Co. v. Hodges,. La.App. 3 Cir., 137 So.2d 132; Benoit v. Vincent, La.App. 3 Cir., 132 So.2d 75; McCoy v. State Farm Mut. Ins. Co., La. App. 3 Cir., 129 So.2d 66; Bowers v. Hardware Mutual Cas. Co., La.App. 2 Cir., 119 So.2d 671; Janice v. Whitley, La.App. 1 Cir., 111 So.2d 852, 854; Nix v. State Farm Mut. Ins. Co., La.App. 1 Cir., 94 So. 2d 457; Gautreaux v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 83 So.2d 667; Duke v. Malone, La.App. 1 Cir., 57 So.2d 711; Boullion v. Bonin, La.App. 1 Cir., 2 So.2d 535.
In our opinion, thus, the plaintiff-driver should not be held to be contributorily negligent simply upon a determination that he saw or should have seen, or that he failed to see, the other vehicle approaching from his left. The plaintiff would not have been negligent under all circumstances in proceeding into the intersection after observing the other vehicle approaching from his left; he was legally entitled to assume that the right-of-way granted to him by the legislature would be respected by the other driver, until the contrary became evident. It is also to be remembered that, as he approached the intersection, the plaintiff-driver was under a primary duty to observe if traffic was approaching from his right, since. by the legislative direction he must yield the right-of-way to such traffic, although he was entitled to enter it before traffic approaching from his left.
*153 We do not, of course, mean to say that the plaintiff with a directional right of way is free of negligence simply because he proceeds blindly into the intersection in reliance upon a superior right to proceed through it. At an uncontrolled intersection such as the present, the driver with the superior right to proceed must exercise a more ■careful observation than at intersections where he may rely upon traffic signals or stop signs. At some point in his approach, ■exercising his careful lookout, he may come under a duty, by reason of the behavior and the near approach of inferior traffic, to anticipate that such inferior traffic will violate his own right-of-way. In this event, failure -of the right of way driver to make such reasonable observation and to take such steps •as could reasonably avoid the accident may “become the sole or a contributory proximate ■cause of the accident, if the accident could reasonably have been avoided by timely observation and action on his part.
The burden of proving that the plaintiff driver, with the favored right of entry into the intersection, was contribu-torily negligent in such regard is, however, upon the defendants herein, who plead and rely upon the special defense of contributory negligence. We cannot say, under the facts reflected by this record, that the trial court committed error in finding that such contributory negligence was not proved by a preponderance of the evidence.
As was stated in Baranco v. Cotten, La. App. 1 Cir., 98 So.2d 260, 263: “ * * * the District Court’s factual determination that the superior motorist’s entry into the intersection did or did not proximately cause the collision concerned must be reviewed by an appellate court in the context of the infinite variations in split-seconds and feet distance involved, depending upon which the relative rights and duties of the parties concerned must be evaluated, and which determinations themselves must be deduced from the data furnished by the necessarily imperfect human observations and recollections of two or three moments of sudden crisis. Such determinations therefore cannot be disregarded unless manifestly erroneous.”
No issue is made as to the amount of the award.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.
HOOD, J., dissents and assigns written reasons.