SUMMERS, Justice.
 

 This case involves an automobile accident at the intersection of two unnumbered rural roads in Acadia Parish about five miles south of the city of Crowley. Plaintiff, Joseph C. Deshotels, was operating his 1958 Chevrolet automobile in an easterly direction on one' of the roads which runs in an east-west direction. Defendant, Murphy Henry, a twenty-year old male, was operating a 1958 Chevrolet pick-up truck in a southerly direction on the road running north and south which intersected the road traveled by plaintiff. Thus, as the vehicles neared the intersection, plaintiff was approaching on defendant’s right. Plaintiff was alone at the time, returning to his home from work. In the cab of the pick-up truck with the defendant driver were four other youths, three girls and one boy. They were traveling to a dance in the town of Gueydan.
 

 It was dusk and it had been raining, but visibility was fair. Plaintiff approached the intersection, slowed down to almost a complete stop, looked in both directions, saw nothing approaching, changed gears and proceeded into the intersection. Defendant’s vehicle traveling thirty-five to forty miles per hour entered the intersection without slowing down and struck plaintiff’s automobile on its left side, at or about the left front door. The vehicles collided at a point in the center of the intersection.
 

 As a result of the accident plaintiff sustained severe and painful injuries, and this action ensued. The trial court awarded judgment in plaintiff’s favor against the defendant driver of the vehicle, his mother, Mrs. Ezur Meaux Henry, with whom the youth was living at the time and whose vehicle he was driving, and Southern Farm Bureau Casualty Insurance Company, the
 
 *28
 
 liability insurer of the vehicle to the extent of its coverage, or the sum of $5,000.00, in solido. Mrs. Meaux and her son were condemned in solido to pay the balance of the award amounting to $2,336.35.
 

 The defendants appealed to the Court of Appeal, Third Circuit, which affirmed the judgment of the trial court. (See 148 So.2d 148) Defendants then applied to this court for a writ of certiorari to review the adverse judgment. We granted certiorari, 243 La. 1020, 149 So.2d 768, because we were then of the opinion that the decision of the court of appeal was in apparent conflict with the case of Smith v. Borchers, 243 La. 746; 146 So.2d 793 (1962), recently decided by this court.
 

 There is no issue as to the quantum of damages. The negligence of the defendant, Murphy Henry, driver of the pick-up truck, is conceded. The only question presented for our consid'eration is whether the plaintiff was guilty of contributory negligence.
 

 All parties agree that the roads in question were of equal dignity. At the time, there were no stop signs, traffic signals, or ordinances regulating the right-of-way at the intersection. Therefore, it is agreed that the provisions of R.S. 32:237 (A) govern this case. That statute provides:
 

 “When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have.”
 

 The finding of fact of both the trial court and the court of appeal support the conclusion, and it is not disputed, that both vehicles approached the intersection at approximately the same time and consequently the plaintiff, being the driver approaching from the right, did have the right-of-way accorded by the mentioned statute. The provision of the statute which makes its application conditional upon establishing whether the driver approaching from the right has entered the intersection at or about the same time as the other vehicle is thus satisfied, and plaintiff’s entitlement to the right-of-way is clear unless he has forfeited it.
 

 The narrow question to be determined here, then, is whether plaintiff forfeited his right-of-way by virtue of the operation of his vehicle in an unlawful manner and was thereby guilty of negligence contributing to the collision and damage and barring his recovery.
 

 If he is to be charged with unlawful conduct within the contemplátion of this statute, it must be other than a charge that he was operating his vehicle at an unlawful rate of speed. This is so for the evidence amply supports the finding that, though he was driving at the lawful rate of forty-five
 
 *30
 
 miles per hour just prior to reaching the intersection, when he reached the intersection, and before entering, he reduced his speed so radically that it was necessary to shift gears to start up again to enter the intersection. For these reasons, defendants, in support of their plea of contributory negligence, are relying upon the contention that plaintiff did not maintain a proper lookout in that plaintiff failed to see defendant’s vehicle as it approached the intersection. This, of course, is a question of fact which was resolved adversely to defendants in both the trial court and court of appeal.
 

 In this connection the law is well settled that the defendant carries the burden of proving all facts necessary to establish the contributory negligence of the plaintiff. Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501 (1960), McClenaghan v. United States Fidelity & Guaranty Co., 79 So.2d 373 (La.App.1955).
 

 Thus plaintiff’s conduct at the intersection is the subject of our scrutiny. As we have stated he slowed down at the intersection, looked both ways and did not see the defendant truck approaching from the left. It is because of this finding that defendants’ counsel urge that plaintiff was guilty of negligence in not seeing what he should have seen and the court below erred in “failing to apply the very well-established doctrine that ‘in legal contemplation, for a driver to look and not see is equivalent to not seeing at all’.” This is an oversimplification of the principle which omits a basic element. It should contain a reference to the driver’s duty to see
 
 what he could have seen.
 
 The principle is to be found in the case of Pedigo v. Travelers Insurance Company, 124 So.2d 400 (LaApp.1960), in this language: “In other words, a motorist’s duty to look ahead and observe never ceases and motorist
 
 must see zohat they can see
 
 and in legal contemplation do see, and
 
 their failure to see what they could have seen by exercising due diligence
 
 does not absolve them from liability for resulting injuries to others. * * * ” (Emphasis supplied.)
 

 Could plaintiff have seen the defendant vehicle approaching from his left? The testimony supports the finding, and counsel for both parties concede, that the views of both plaintiff and the defendant driver to some extent were obstructed by weeds and shrubs at the corner. The trial court’s finding, too, we think necessarily contemplates that plaintiff could not see far enough to his left to observe the defendant vehicle’s approach, for though he looked he apparently did not see the defendant vehicle because of his limited view due to the obstruction at the corner.
 

 This circumstance makes plaintiff’s case more persuasive than in Gorman v. Indem
 
 *32
 
 nity Insurance Company of North America, 134 So.2d 602 (La.App.1961), where plaintiff approached a neutral uncontrolled intersection on defendant’s right. Plaintiff slowed down as she neared the intersection, looked to the left and right, but saw no approaching traffic, and then entered the intersection. Defendant entered the intersection, failed to stop, and the collision resulted. The court of appeal, relying upon the earlier decision of Noonan v. London Guarantee & Accident Company, Ltd., 128 So.2d 918 (La.App.1961), held that the plaintiff vas free of contributory negligence.
 

 The Noonan case, cited in the Gorman case, arose out of a similar factual situation. The court, finding that plaintiff was free of contributory negligence, said:
 

 “On the other hand, we do not find the plaintiff, Mrs. Noonan, guilty of any negligence which contributed to this accident by her failure to observe the approach of Dr. Legler’s vehicle until it was too late to avoid the collision. Having the right of way, she could have only been guilty of negligence which would have been a proximate cause of the accident by a substantial dereliction of her duty, which we do not find from the facts of this case.
 
 The uncontradicted facts show that she brought her vehicle to an almost complete stop and glanced to her left and aright before entering the intersection, and we do not feel the law exacted from her any greater degree of observation under the
 
 circumstances(Emphasis supplied.)
 

 It is incumbent upon the defendant, who asserts the plea of contributory negligence, to establish that plaintiff could have seen the defendant under the circumstances of this case, and seeing defendant, he could not reasonably expect to proceed across the intersection in safety because of an apparent disregard of plaintiff’s right-of-way by defendant.
 

 The record in this case permits the conclusion that plaintiff, having looked, observed that there was no traffic approaching from his left, and if defendant had accorded him the right-of-way to which he was entitled he undoubtedly could have negotiated the intersection in safety. It must be kept in mind that plaintiff had to look to his right last, for it was to vehicles approaching from that direction to which he owed a right-of-way. This conclusion has not been rebutted by the defendant. Furthermore, as the court of appeal observed in its opinion in this case:
 

 “The plaintiff would not have been negligent under
 
 all
 
 circumstances in proceeding into the intersection after observing the other vehicle approaching from his left; he was legally entitled to assume that the right-of-way granted to him by the legislature would be respected by the other driver, until the contrary became evident.”
 

 
 *34
 
 What we hold, therefore, is that defendants have failed to discharge the burden imposed upon them by law to establish the contributory negligence of the plaintiff, for they have not shown that plaintiff could have seen defendant approaching in time to avoid the collision under the facts of this case.
 

 Since the record has been made available to us, we note that the case of Smith v. Borchers, supra, is not controlling here for it may be distinguished in several factual particulars. In the main, Mrs. Smith, who was approaching from the right, had nothing to obstruct her view of the vehicle approaching from the left and she could see 120 feet down the street. The defendant Borchers was necessarily within that dis-stance. She should have seen him.
 

 The judgment is affirmed.