TATE, Judge.
Mrs. Granger, the plaintiff herein, was injured as the result of a defect in a highway under reconstruction. She and her husband seek to recover for damages occasioned by her personal injuries. Made defendant is the liability insurer of the highway contractor responsible for providing adequate warnings of hazards in the highway, which was open to local traffic.
The defendant insurer appeals from judgment awarding damages to the plaintiffs.
The particular road defect which caused the accident was a hump or ramp over a culvert laid across the highway. At its highest elevation, the hump was approximately 21^-3 feet over the surface of the roadway. There was a 10-foot ramp on each side of the hump, with the dirt tamped hard by airhammer.
For northbound traffic, the ramp was much more gradual, and the hump in the road was not readily observable to an oncoming motorist, as it seemed to blend in with the surface of the road ahead. See photographic exhibits P-7, P-8. The slope on the north (other) side of the hump was much more precipitate, however, so as to *213 cause a fairly sharp drop when northbound traffic crossed over it. «See photographic ■exhibits P-4, P-6, P-9, P-10.
At a speed of 30-35 mph, the plaintiff Mrs. Granger was proceeding north at approximately eleven o’clock in the night of Saturday, October 27th. When she hit and bumped over the hump in the highway, she was knocked so that her head hit the top of the car, and, when she fell back, she hit her face, chest, and stomach on the steering wheel. She sues for the personal injuries thereby occasioned.
Primarily factual issues are raised by the defendant’s appeal. Able counsel contends that: (1) The preponderance of the evidence proves that flares and signs were placed to warn of the hump in the road; and (2), In any event, the plaintiff driver was contributorily negligent in driving with insufficient observation and care so as to observe or avoid striking and bumping over the hump in the road ahead.
As to the first contention, the defendant relies upon the testimony of a nearby landowner, his tenant, and at least two of the contractor’s employees, to the effect that adequate warnings were given of the hump in the road. These witnesses testified that, on each side of the hump, there were placed on the shoulder of the road two pre-warn-ing signs from 100 to 600 feet in front of the hump, stating, respectively, “Bump Ahead” and “20 mph speed zone”, with flares lit at night to illuminate these signs.
We find no error, however, in the trial court’s accepting instead the contrary testimony of the plaintiff driver and two passengers in her car that there were no such flares and signs. Their testimony was corroborated by the testimony of a witness who took photographs on the Monday (two days) after the accident evidencing that no such signs had been placed at the site.[1] We further note that at least three of the contractor’s witnesses produced to testify as to the existence of these signs or warnings were unable to verify that indeed such signs had been so placed. Tr. 220 ; 224, 228, 229 ; 232.
Evaluation of the credibility of witnesses is primarily within the province of the trier of fact. We are unable to say that the trial court committed error in accepting, as preponderating, the testimony that the pre-warning signs and flares had not been placed at the site on the weekend that the present accident took place. (And, since the road was under construction for a period of several months, and since- the testimony shows the signs were removed from time to time, it is not improbable that the defendant’s witnesses were mistaken in their testimony that the pre-warning signs and flares were in place on the particular weekend of the present accident.)
 The abrupt drop on the other side of the hump constituted a hazard to oncoming motorists which required adequate warning signs, since motorists are not required to anticipate that a roadway on which they are traveling will suddenly without warning run into a sharp drop. Pierrotti v. Louisiana Department of Highways, La.App. 3 Cir., 146 So.2d 455; Carlisle v. Parish of East Baton Rouge, La.App. 1 Cir., 114 So.2d 62; Smith v. State through Department of Highways, La.App. 1 Cir., 87 So.2d 380; Dowden v. State, La.App. 2 Cir., 81 So.2d 48; Reeves v. State, La.App. 2 Cir., 80 So.2d 206. The road contractor who created the hazard, defendant’s insured, was negligent in not providing adequate warning to oncoming motorists.
As to the defendant’s contention of contributory negligence, a night motorist *214 is not held to a duty to anticipate that there will be left unmarked and unwarned such a defect on the highway. See Pierrotti and other cases cited above. As stated in rejecting a similar defense in a highway defect accident, “Our courts have repeatedly held a motorist has no legal duty to anticipate an unusual hazard where there is no adequate warning, but has the right to presume the highway is safe for usual and ordinary traffic, even at night.” Smith v. State, above-cited, at 87 So.2d 383.
The rule that a motorist should drive at no greater rate of speed than that within which he can stop within the range of his vision is subject to numerous exceptions. Eubanks v. Wilson, La.App. 3 Cir., 162 So.2d 842. As stated, a night motorist is also ordinarily entitled to assume that the roadway ahead is safe for travel, and he is not charged with the duty of guarding against negligent obstruction to travel, which he had no reason to anticipate. Suire v. Winters, 233 La. 585, 97 So.2d 404; Snodgrass v. Centanni, 229 La. 915, 87 So. 2d 127; Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909; Dodge v. Bituminous Casualty Co., 214 La. 1031, 39 So.2d 720; Fontenot v. Lafleur, La.App. 3 Cir., 124 So.2d 607, certiorari denied, and cases cited therein.
Insofar as able counsel for the defendant contends that the plaintiff driver should have anticipated the hazard because she had passed over the hump several hours earlier going to town (and twice the day before), it is sufficient to note that these prior trips had been during daylight hours. The motorist was not required to anticipate that at night the hazard would be left unwarned by flares or otherwise, nor was she required to have so memorized the location of each of the three highway defects on her previous passage so as to be held accountable for failing to anticipate on her return trip the exact location of the hump situated in the night ahead, and that such defect would be left without adequate warning to night motorists of the hazard created by it. Carlisle v. Parish of East Baton Rouge, above-cited, at 114 So.2d 66. Cf. also, Dufore v. Daugereaux, La.App. 1 Cir., 122 So.2d 666, 672 (syllabus 8).
Finally, the defendant-appellant contends that either the plaintiff motorist was driving too fast if the roadway was dusty enough to obscure her observation of the hump ahead; or, if the roadway was not that dusty, that the plaintiff’s recovery is barred by her contributory negligence in failing to observe the hump ahead by the light of her own headlights.
 The burden is upon him who relies upon contributory negligence to prove the facts which justify ápplication of this special defense. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465. Considering the record as a whole — including the testimony of the defendant’s witnesses that the old blacktop highway bed had not been broken except within one hundred feet of the culvert excavation (Tr. 191, 195, 298; see also photographic exhibits P-4 through P-10), so that therefore the highway was not unusually dusty except within a few feet of the unmarked hump — ,we find no manifest error in the trial court’s conclusion that the defendant-appellant had not borne its burden of proving that the plaintiff driver’s speed or lack of lookout constituted negligence which was a proximate cause of the accident.
Thus, the sole proximate cause of the accident is the negligence of the employees of the defendant’s insured in leaving during the nighttime hours the hump in the highway, without adequate warning of the hazard to oncoming northbound motorists, such as the plaintiff herein.
No issue is raised as to quantum. The record justifies the award to Mrs. Granger of $3,500 for her personal injuries (a cerebral concussion, a severe whiplash, and contusions, producing hospitalization for over three weeks, with temporary residuals ending approximately six months after the *215 accident), and the award to her husband of the $1,528.40 medical expenses occasioned by the plaintiff wife’s personal injuries.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.
HOOD, J., dissents and assigns written reasons.

. The only sign shown was a misleading one on the hump itself on the shoulder, stating “Barricade Alie ad”, indicating that a hazard was -further up the highway and not at the place of the sign. The highway contractor’s employees testified that such a sign had in fact been placed to \ warn of a barricade which had formerly been situated further north up the road.