TATE, Judge.
Two vehicles collided at the corner on which the plaintiffs’ home was sitiiated. One of the vehicles careened across the *714 ditch and the yard, and then struck and damaged an outside air-conditioning unit next to the plaintiffs’ house. The plaintiffs sue for the resulting damage to their premises. The drivers of both vehicles are joined as codefendants.
The trial court held that the sole proximate cause of the plaintiffs’ damage was the neglig'ence of one of the drivers, .Gas-pard. Accordingly, although Gaspard was held liable, the plaintiffs’ suit was dismissed as against Guilbeaux, the other driver, and his liability insurer. The plaintiffs appeal insofar as their suit was dismissed against these latter two defendants.
The plaintiffs-appellants contend that the trial court erred in not finding that the damages proximately resulted also from concurrent negligence on the part of Guilbeaux. The appellants further rely upon the jurisprudence holding that where “an innocent party is damaged as a result of an accident between automobiles, the operators of which are made solidary defendants, the burden of proof is upon each defendant to exculpate himself from negligence and each must be deemed guilty of negligence per se in the absence of any showing to the contrary. [Citations omitted.]” Westchester Fire Ins. Co. v. Dardar, La.App. 4 Cir., 158 So.2d 239, 241.
The collision took place when Gaspard, entering from a side-street, ran a stop-sign and struck the side of Guilbeaux’s pick-up truck, which was proceeding through the intersection on the right-of-way thoroughfare. Guilbeaux lost control of his vehicle (he stated he was knocked unconscious) ; it crossed a ditch, struck the plaintiffs’ air-conditioning unit, and eventually came to rest some 116 feet after the impact.
The plaintiffs contend that excessive speed on the part of Guilbeaux, as well as his lack of lookout and a negligent overcrowding of the cab-seat of the pick-up, were contributory causes of the accident or at least of Guilbeaux’s loss of control of his vehicle, as a result of which the plaintiffs sustained their damage.
A right-of-way driver is entitled to proceed into an intersection on the assumption that inferior motorists will yield him the right of way as required by law, Stevens v. Liberty Mutual Ins. Co., 242 La. 1006, 141 So.2d 346, unless the superior motorist should reasonably realize, in time to avoid the accident, that an inferior motorist is going to violate his right of way, Randall v. Baton Rouge Bas Co., 240 La. 527, 124 So.2d 535. Here, even if Guil-beaux had seen Gaspard approaching on the side-street prior to the collision, the evidence fails to show any circumstance by reason of which Guilbeaux should reasonably have realized, in time to avoid the accident, that Gaspard would enter the intersection in disregard of the stop-sign. Hence, Guilbeaux was not negligent in entering the intersection, and any lack of lookout on his part was not a proximate cause of the intersectional collision. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465.
However, the plaintiffs-appellants contend that Guilbeaux’s excessive speed, as instanced by the long distance (116') his vehicle travelled after the impact and the damage done, was at any rate a contributory cause of Guilbeaux’s losing control of his vehicle and then crossing the ditch and the yard and damaging the plaintiffs’ property.
 Guilbeaux testified that, prior to the accident, his speed was about 20 mph, or within the legal limits of 25 mph. He explained that his vehicle did not come to a stop sooner because, due to his losing consciousness by reason of the impact, he was not able to apply his brakes. The trial court accepted as truthful this testimony, corroborated as it was by that of Guilbeaux’s passengers. Accepting Guilbeaux’s testimony, negligent speed or overcrowding were not contributory causes of the plaintiffs’ damages, which thus resulted solely from the other driver’s negligent striking of Guilbeaux’s vehicle as it lawfully proceeded through the intersection.
*715 Despite the skillful and persuasi-ve arguments to the contrary by able counsel, we are unable to hold that this evaluation of credibility by the trial court is in error, under which, accepting Guilbeaux’s version as accurate, the sole proximate cause of the accident was the negligence of the other driver. The testimony accepted as correct by the trial court is not so improbable or inconsistent with the physical and other circumstances of the accident as -to be unbelievable. The well settled rule applies that, evaluation of credibility being primarily within the province of the trial court, factual determinations by the trial court should not be disturbed upon appellate review in the absence of manifest error. See, e. g., Thomas v. Hartford Accident and Indem. Co., La.App. 3 Cir., 162 So.2d 391; Christ v. State, Dep’t of Highways, La.App. 3 Cir., 161 So.2d 322; Savage v. Haynes, La.App. 3 Cir., 146 So.2d 285.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiffs’ suit as against Guilbeaux and his liability insurer. The costs of this appeal are to be paid by the plaintiffs-appellants.
Affirmed.