FLEMING, Judge.
Mrs. Gertrude Goodman was injured in an automobile accident that occurred on April 12, 1965, in the early afternoon, when she was driving her car west, along Diana Street, approaching the intersection *869 of LeBouef Street in New Orleans. At this time, the defendant, John P. Ales, was driving his car north, along LeBouef Street, approaching the intersection with Diana Street. There are no controls at the intersection, but as Mrs. Goodman was to the right of the Ales’ vehicle, she had the directional right-of-way. The left front door of the Goodman vehicle was struck by the front of the Ales’ vehicle with the point of impact being approximately the center line of LeBouef Street and in the right lane of Diana Street.
Mrs. Goodman sued for her personal injuries and Mr. Goodman sued for auto damages.
On March 6, 1972, judgment was rendered in the district court in favor of Mr. Goodman for automobile damages in the sum of $685.12, and for medical and hospital expenses in the sum of $1,137.40, and in favor of Mrs. Goodman in the sum of $4,000 for pain and suffering, against the defendants, John Ales and his insurer Aet-na Insurance.
From this judgment the defendants appealed.
Mrs. Goodman also appealed, seeking to increase the quantum in her favor from $4,000 to $15,000.
The evidence in this case, as in many in-tersectional collision cases, is confusing and contradictory. The district judge decided it in favor of the plaintiffs.
This court had occasion to say, in the case of Gutelius v. Phoenix Insurance Company, 266 So.2d 717 (La.App.1972), concerning the right-of-way in a case such as this, that:
“The so-called directional right-of-way rule does not convert the street into a superior one, having the right-of-way; nor is it a mechanical rule which determines liability after an accident by the mere direction of the vehicles. Its basic function is to rule which of two drivers arriving simultaneously at an uncontrolled intersection of equal streets should let the other pass. Before this rule can be relied on, the driver must first determine that the other driver is coming from his left and is approaching or entering the intersection at about the same time. These determinations one cannot reasonably expect to make while maintaining speed, especially on approaching a blind intersection.
“A driver approaching an uncontrolled intersection with a street of equal dignity is obliged, in the exercise of reasonable care, to slow sufficiently to make the determination whether he can safely cross the intersection, including, when another vehicle is approaching, whether the directional right-of-way rule is applicable to cede to him or to the other driver the right t'o pass first. Such a driver has the right to expect of the other driver only that the other will likewise and for the same purpose slow down on approaching the intersection (and will obey the directional right-of-way rule, if applicable). See Smith v. Borchers, 243 La.746, 146 So.2d 793 (1962).”
Thus it is the factual determination which decides whether the directional right-of-way has been accorded.
While the directional right-of-way is the weakest kind of right-of-way on which a person may rely, it does establish an order of preference at uncontrolled intersections which are determinative of the issues in this case. Primarily, this is a factual issue and the district court determined that Mrs. Goodman was free from negligence and Mr. Ales was negligent and his negligence was the proximate cause of the accident.
The district judge made these specific findings:
% >{í
“Weighing the testimony of all of the witnesses who have given their versions of what occurred, the Court is of the opinion that the weight of the evidence preponderates in favor of the plaintiff, *870 that the plaintiff and defendant drivers apparently had equal entry at this intersection, and the proximate cause of this accident was the failure of the defendant to accord the directional right of way accorded individuals who approach an intersection of this type at equal points of time.
“Of course, this is certainly not the view that Mr. Ales gives of this accident. And while I realize there is some discrepancy in some of the testimony of the plaintiff and its witnesses, I am firmly of the opinion that this was an equal entry type of incident. And it was further aggravated by the fact that there was a green panel truck which was traveling North on LeBouef Street ahead of the defendant, Ales, and which green panel truck was slowing down to effect a stop and did in fact stop at the grocery store located on the southeast corner of the intersection; that the driver who was approaching from the right on Diana Street, that is Mrs. Goodman, seeing the truck slowing down for a stop and herself not seeing any immediate traffic approaching, entered the intersection. Her vision was partially obstructed but she had a right to expect on equal entry that the right of way would have been accorded her. In fact, that is what should have been done and was not done. Because of this failure of defendant, Ales, the accident occurred. Therefore, I find that there is liability on the part of defendant and its insurer and will award a judgment in favor of the plaintiff.”
% # # % ‡
The appellants urged that the court should have found that Mrs. Goodman was contributorily negligent. However, it was the appellant’s duty to establish it. In the case of Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465 (1963), the Supreme Court in affirming a judgment in plaintiff’s favor on this point said:
“ * * * defendants, in support of their plea of contributory negligence, are relying upon the contention that plaintiff did not maintain a proper lookout in that plaintiff failed to see defendant’s vehicle as it approached the intersection. This, of course, is a question of fact which was resolved adversely to defendants in both the trial court and court of appeal.
“In this connection, the law is well settled that the defendant carries the burden of proving all facts necessary to establish the contributory negligence of the plaintiff * * * ”
We agree that the defendant has failed to sustain the burden of showing the contributory negligence of the plaintiff, Mrs. Goodman.
Insofar as quantum in favor of Mrs. Goodman is concerned, the district court was of the opinion that she had a prior condition with her cervical and lumbar spine as early as 1963, which was aggravated by an accident in 1964, when it was found that she had a general myalgia and also a cervical and lumbar strain. She had apparently recovered from these conditions at the time of the accident. The plaintiff was symptomatic from the date of the accident until approximately the end of the year. She was treated conservatively with diathermy and muscle relaxants with the prognosis to return to the physical condition that she enjoyed prior to the accident.
It is well settlecl law that the determination of a trial judge or jury in arriving at the facts of the case, and in assessing damages, is within their discretion, and that should not be upset unless found to be manifestly erroneous or insufficient.
In reviewing the evidence in this case, it is our opinion that there is no showing that there was any error or insufficiency in the judgment of the trial court.
The judgment is affirmed.
Affirmed.