HALL, Judge.
James J. Hogan, an eighteen year old minor, was killed in an accident which occurred on U. S. Highway 90 near Boutte in St. Charles Parish on November 13, 1965. The minor’s parents, Mr. and Mrs. Clarence J. Hogan and the minor’s brother Carroll J. Hogan, brought this action for damages for the alleged wrongful death of said minor against Baggett Transportation Company, Inc. and Holsum Bakeries, Inc. and their respective public liability insurers in solido. American Employers’ Insurance Company intervened as the subrogated collision insurer of young Hogan’s automobile which was completely destroyed in the accident and prayed for reimbursement of its loss against all defendants in solido.
Prior to trial plaintiffs compromised and settled their claim against Holsum Bakeries, Inc. and its insurer for the sum of $9,000.00 and dismissed them from the suit, reserving their claims against all other defendants. The intervenor, American Employers’ Insurance Company, made no appearance at the trial.
Following trial on the merits judgment was rendered in favor, of the boy’s mother, Mrs. Clarence J. Hogan, in the sum of $15,000.00 and in favor of Clarence J. Hogan, the boy’s father, in the sum of $16,-395.45 against Baggett Transportation Company, Inc. and its insurer, Aetna Casualty & Surety Company in solido, with the proviso that said judgment debtors should be cast and made to pay only one-half of such damage awards but must pay legal interest on the full amount of such awards and all costs. No judgment was rendered in favor of the boy’s brother, Carroll J. Hogan, and the claim of the in-tervenor, American Employers’ Insurance Company, against Baggett Transportation Company, Inc. and its insurer was, in effect, dismissed as of non-suit without prejudice.
Baggett Transportation Company, Inc. and its insurer, Aetna Casualty & Surety Company, appealed. No appeal was taken by the deceased boy’s brother, Carroll J. Hogan, nor was any appeal taken by the intervenor, American Employers’ Insurance Company.
*706 The only parties to this appeal are the plaintiffs, Mr. and Mrs. Clarence J. Hogan, and the defendants, Baggett Transportation Company, Inc. and its insurer, Aetna Casualty & Surety Company.
The accident happened about 1:30 A.M. on U. S. Highway 90 a few miles east of Boutte during an extremely dense fog. The highway in this area is straight and consists of two west bound and two east bound traffic lanes divided by a neutral ground. The shoulders of the highway are surfaced with shell and are wide enough to accommodate parked vehicles. A trailer truck belonging to Baggett Transportation Company, Inc., which was proceeding in the dense fog in a westerly direction from New Orleans to Berwick with a cargo of dynamite became stalled on the right hand west bound lane of the highway. Within a matter of seconds a new Chevrolet sedan driven by eighteen year old James J. Hogan came from behind in the same lane of traffic and on account of the lack of visibility was barely able to bring his car to a stop and avoid a collision with the Baggett trailer truck. Shortly thereafter a truck owned and operated by Holsum Bakeries, Inc. bore down from the rear in the same lane of traffic at a speed of 41 to 42 miles per hour. The driver of the bakery truck did not see the lights on the vehicles ahead of him until too late to avoid the accident and crashed into the rear of young Hogan’s car. A fire broke out which completely consumed both the bakery truck and the Hogan car and set fire to the rear of the Baggett trailer. Just prior to the accident a car occupied by Mr. and Mrs. Odell Caillet and driven by the Reverend Gerald Barrett had stopped at the scene. After a momentary conversation with young Hogan who was then standing by the open left door of his car, Father Barrett drove on slowly with the intention of parking on the shoulder immediately ahead of the Baggett trailer truck. He heard the crash just as the front of his car was passing the cab of the stalled Baggett truck. After parking his car Father Barrett ran back to give what assistance he could and found young Hogan dead inside his burning automobile. The whole series of events happened within a few minutes.
Undoubtedly the driver of the bakery truck was guilty of the grossest negligence. The questions presented to us are whether the driver of the Baggett trailer truck was guilty of any negligence which proximately caused the accident and if so whether young Hogan was guilty of contributory negligence. Quantum is not at issue.
Mr. J. L. Arant, driver of the Baggett trailer truck died prior to the trial and his pre-trial deposition was introduced and filed in evidence. Mr. Arant stated in his deposition that he was employed by Bag-gett Transportation Company, Inc. as a truck driver; that on the night of the accident he was on his way from Birmingham, Alabama to Berwick, Louisiana, with a cargo of dynamite; that his trailer was forty feet long and eight feet wide and was equipped with five lights at the top rear and four lights at the bottom rear. He further stated that after he left New Orleans travelling west on Highway 90 he encountered fog patches about four or five miles east of Boutte and slowed down; shortly thereafter he suddenly ran into a fog bank so thick “that you could hardly see” and had to slow down to “almost nothing;” that he was driving in the right hand west bound lane of traffic and had travelled about a quarter of a mile in the fog bank when he was forced to jam on his brakes to avoid colliding with a car ahead of him; that when he did so his motor stalled; that just as his motor stopped he heard a car coming from the rear and heard the noise caused by its brakes being jammed on; that he jumped out of his truck and ran back with a flashlight and found a boy stopped in an automobile about ten feet behind him; that he handed the flashlight to the boy and asked him to take the flashlight and “try to keep the traffic off of me so I could run back and crank up;” that the boy was standing by the left side of his car with the flashlight when he ran back to his truck; that he *707 was able to start his motor about fifteen seconds before the impack of the bakery-truck; that he had put it in gear and had started to pull away to the shoulder of the road when the crash came; that he jumped out of the truck and ran back and found the cars on fire; that he then ran back to his truck and drove it up about 200 yards and parked it on the shoulder and sat there; that a man and woman then came up from the front and told him his trailer was on fire and that he put it out with a fire extinguisher. He further testified that he did not know where the man and woman came from; that he had seen no cars pass him. Mr. Arant estimated that about two or three minutes elapsed between the time his motor stalled and the time the accident occurred. During this time Mr. Arant did not place any warning signals on the highway although he stated his truck was equipped with “reflector type flares” which were carried in the cab of his truck. He testified that he did not have time to do so. He further testified that he put the reflectors out after the accident and after he parked his truck on the shoulder.
The testimony of the other witnesses differs in some particulars from that of Mr. Arant.
Father Gerald Barrett testified he was driving in the right west bound lane toward Boutte with two passengers — Mr. and Mrs. Caillet; that as he approached the stationary vehicles visibility was almost zero and that he had slowed to “practically five miles per hour;” that he first noticed the tail lights on the automobile and then noticed there was some object in the front of the car which turned out to be the trailer truck; that the distance between the automobile and the trailer was about three feet; that he stopped, then turned into the left lane and drove up alongside the automobile ; that he saw a young man standing on the side of the automobile with his hand on the door; that he heard the boy say the truck was having battery trouble and since he had some “battery cables” he drove on with the intention of parking on the shoulder ahead of the truck and going back to help start it; that just as the front of his car got even with the cab of the truck he noticed the truck lurch and heard the sound of the impact; that he pulled up ahead of the truck and onto the side of the road, got out and ran back to the truck; the truck was on fire and he called to the truck driver to “pull up that the back of his truck was on fire;” at that time the truck engine was running and the driver was in the cab; the truck then pulled up the highway about 100 yards. Father Barrett testified that when he got to the boy’s automobile he saw him in the car and that he was dead. He further testified that when he first drove up alongside young Hogan’s automobile Mr. Caillet told the boy to get off the highway.
Mr. Odell Caillet’s testimony is similar to Father Barrett’s as to the basic facts, weather conditions, and position of the vehicles. He further testified that when they spoke to young Hogan the boy was standing outside his car in the “vicinity of the driver’s side;” that the boy said he thought the truck had battery trouble; that this remark puzzled him because the rear lights of the trailer were burning; that he thought the boy had a flashlight in his hand; that he did not recall telling the boy to get off the road; that as Father Barrett drove on past the truck he noticed the hood of the truck was raised and that someone was standing on the fender bending over the motor; that no one was in the cab of the truck; that they drove ahead of the truck in order to park on the shoulder but before they parked they heard the crash; that Father Barrett got out first and ran back; that a few minutes later he and his wife walked back toward the truck and that the truck was then moving toward him and the driver asked if his trailer was still on fire; that the truck driver then informed him he had dynamite in his truck and he and his wife ran back to Father Barrett’s car.
*708 Mrs. Caillet was ill at the time of the trial and her deposition was placed in evidence. Her testimony generally follows that of Father Barrett and her husband. She testified that as they stopped momentarily alongside young Hogan’s automobile his left front door was open and he was standing between the door and his car and was just getting in or getting out of it; the lights of his car were on but she did not recall whether his motor was running; she recalled hearing either Father Barrett or her husband warn the boy to get off the highway “before somebody rams into you.” She further testified that as they passed the front of the Baggett truck she saw the hood up and a man leaning over the motor and that she heard the crash before Father Barrett had time to park his car; that the truck’s motor started up after the collision.
Defendants contend that the driver of the Baggett truck was not guilty of any negligence which proximately caused young Hogan’s death. Alternatively they contend that the boy was guilty of contributory negligence which bars recovery by plaintiffs.
LSA-R.S. 32:368 reads in part as follows :
“E. Whenever any motor vehicle used in the transportation of explosives, any cargo tank truck used for the transportation of any flammable liquid or compressed flammable gas, or any motor vehicle using compressed gas as a fuel, is disabled upon a highway of this state at anytime or place mentioned in Subsection A of this Section, the driver of such vehicle shall immediately display the following warning devices:
(1) One red electric lantern or portable red emergency reflector placed on the roadway at the traffic side of the vehicle; and
(2) Two red electric lanterns or portable red reflectors, one placed approximately 100 feet to the front and one placed approximately 100 feet to the rear of the disabled vehicle in the center of the traffic lane occupied by such vehicle.
Flares, fuses or signals produced by flame shall not be used as warning devices for disabled vehicles of the type mentioned in this Sub-section.”
Arant, the Baggett driver, put out no reflectors or any other warning devices nor did he attempt to do so. Defendants contend that he didn’t have time to place reflectors and moreover reflectors would accomplish no purpose in the fog. According to Arant’s own testimony two or three minutes elapsed between the time his motor stalled and the time the accident occurred. In the interval he had time to run back to young Hogan with a flashlight, return to his cab, and attempt to get his motor started. Certainly there was time for him to have placed reflectors at least in the rear, and the statute does not permit him to be the judge of whether the reflectors would be effective. Moreover he had a flashlight which he could have used as a warning to traffic approaching from the rear. He was under a duty to warn approaching traffic and in our opinion he could not, and did not, absolve himself of that duty by handing the flashlight to young Hogan and attempting to place the burden on him. We are of the opinion that Arant was negligent in not warning traffic approaching from the rear. However we find it unnecessary to decide whether such negligence proximately contributed to young Hogan’s death.
Young James Hogan driving in the fog was able to stop his automobile barely in time to avoid hitting the Baggett vehicle. In spite of the fact that he must have been fully aware of the danger involved he voluntarily remained on the highway until his car was struck from the rear by the bakery truck. He had the alternative of pulling over onto the shoulder or of driving into the left lane past the stalled truck as Father Barrett did. He had at least as much time to get his car out of danger as Arant had to put out the reflectors. Even *709 if his car was disabled, and there is no reason to even suspect that it was, he could have gotten off the highway himself. We are of the opinion that his remaining on the highway under the circumstances constituted negligence on his part which bars plaintiffs’ recovery.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the defendants, Baggett Transportation Company, Inc. and Aetna Casualty & Surety Company, and against the plaintiffs, Mr. and Mrs. Clarence J. Hogan, rejecting said plaintiffs’ demands and dismissing their suit; costs of both Courts to be borne by said plaintiffs-appellees.
Reversed and rendered.