215 So.2d 150 (1968)
Estelle Hanks LeJEUNE, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 2439.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
Rehearing Denied November 20, 1968.
Writ Refused January 24, 1969.
*151 Dozier & Thompson, by James B. Thompson, III, and Norman L. Sisson, Baton Rouge, for defendant-appellant.
Bean & Rush, by Warren D. Rush, Lafayette, for plaintiff-appellee.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by J. Winston Fontenot, Lafayette, for defendant-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
This is a wrongful death action. The defendant state agency appeals from adverse judgment.
Myles LeJeune was killed when his automobile crashed into a ditch where a state highway ended. His widow, Mrs. Estelle LeJeune, sues the state highway department for damages thereby resulting, as authorized by legislative resolution. She alleges that the state's negligence in failing to erect suitable warning signs or barricades was the cause of her husband's death.
*152 The Department answers, denying liability. By a third party demand, it impleads a contractor (Talley), alleging that it was the contractor's responsibility to erect warning barricades and signals.
The trial court awarded damages against the highway department in favor of the plaintiff widow and of Aetna, the husband's employer's compensation carrier, which had intervened. The Department's third party demand against Talley was dismissed.
By the Department's appeal, it contends it was free from negligence in failing to erect signs. Alternatively, it argues that the decedent was contributorily negligent.

Liability
For the reasons detailed in the trial court's excellent written opinion, we find the following facts to be well established:
The fatal accident took place at the T-intersection where east-west State Highway 92 terminated into north-south Highway 700. The decedent, proceeding westward on highway 92, apparently skidded into a deep (8-10) ditch west of 700 at a point where 92 T-ended into it. The accident occurred about midnight.
The open pasture west of the ditch was 5-6 feet lower than highway 700. The headlights of a driver approaching the intersection on highway 92 after dark, shining straight ahead, would not pick out any object to alert him of the sudden and abrupt termination of 92 into the deep ditch west of highway 700.
There were no stop signs or barricades to warn westbound 92 traffic of this sudden termination of the roadway, nor to alert it of the T-intersectional ending of the highway there. The highway contractor, Talley, was not responsible for erecting warning signs at that point, because the intersection was not included within his repair project, which was mainly to improve the part of 92 east of the intersection.
The only sign within the immediate vicinity of the intersection facing westbound 92 traffic was one marked "End Road Repairs". This was placed 200 feet east of the intersection. This sign, of course, did not alert oncoming traffic to the sudden termination of the highway just 200 feet beyond it. The sign's effect, if any, was to assure approaching traffic that past construction hazards, if any, were now ended.
Under these circumstances, the trial court correctly found that the defendant highway department was negligent in failing to warn oncoming traffic of the unusually dangerous hazard presented by highway 92's sudden ending in the deep ditch, not reasonably observable by approaching night traffic using ordinary care. It is conceded that the contractor was not responsible for signing of the hazard presented by the intersection; also that the sole governmental authority responsible for erecting signs, if any were needed, was the state highway department. LSA-R.S. 48:345 (1950), as amended by Act 501 of 1954.[1]
Under very similar facts in Hall v. State, La.App. 3 Cir., 213 So.2d 169, this court recently held the Department liable for the violation of a highway-safety duty to erect warning signs or barricades to protect the traveling public from an unusually dangerous hazard resulting from what in effect was the sudden termination of a travelway into a deep and dangerous body of water. Kilpatrick v. State, La.App. 2 Cir., 154 So.2d 439; Pierrotti v. Louisiana Department of Highways, La.App. 3 Cir., 146 So.2d 455; Carlisle v. Parish of East Baton Rouge, La.App. 1 Cir., 114 So.2d 62; Smith v. State Through Dept. of Highways, La.App. 1 Cir., 87 So.2d 380; Dowden v. State, La.App. 2 Cir., 81 So.2d 48; Reeves v. State, La.App. 2 Cir., 80 So.2d 206.
Under this principle, governmental authorities responsible for highway-safety defects *153 have been held negligent for failing to put warning signs or barricades at T-intersections terminating in ditches. German v. City of New Orleans, La.App.Orl., 3 So.2d 181 and Clinton v. City of West Monroe, La.App. 2 Cir., 187 So. 561. The need for such warning device at intersections such as the present is further instanced by the instructions in the Department's "Manual on Uniform Traffic Control Devices" (1954 ed.) pp. 40-43, 121, introduced in evidence as P-14.
The Department contends, however, that any usual duty to erect adequate signs of the hazardous road ending does not here apply because, some seven miles east of the intersection, there was a sign "Road Closed to Through Traffic". However, the travelled portion of the road was not barricaded, and the evidence shows that all traffic freely used the open roadway on this nigh-completed repair and improvement construction project. We agree with the trial court that the construction project to the east of the hazardous intersection does not lessen the duty imposed upon the Department by statute to post adequate warning to protect the traveling public against the hazard represented by an unobservable sudden ending of a roadway into a dangerous drop. This is especially true in the present instance because a sign informed westbound traffic that road repairs had ended some 200 feet earlier.
The Department's final contention is that the decedent's contributory negligence should bar recovery by his surviving widow. The Department skillfully contends that he must have been proceeding at too great a speed or with inadequate lookout to have crashed into the ditch, and it further suggests that he should be charged with notice of the nature of the hazard because he had probably passed by it before.
The trial court correctly rejected this contention. He who relies upon contributory negligence bears the burden of proving the facts which justify application of this special defense. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465. Where there are no eyewitnesses to any act of negligence, it is presumed that a decedent acted with ordinary care for his own safety. Stansbury v. Mayor, etc., Morgan City, 228 La. 880, 84 So.2d 445. Motorists are not required to anticipate that a roadway on which they are traveling will suddenly end in an unmarked ditch or body of water. Pierrotti v. Louisiana Department of Highways, La. App. 3 Cir., 146 So.2d 455, certiorari denied.
There were no eyewitnesses to the accident. Neither the physical facts nor any other evidence sufficiently proves excessive speed or inadequate lookout on the part of the deceased driver. Even assuming that prior passage over the roadway in other circumstances may be sufficient to charge a motorist subsequently with knowledge of a road defect upon some subsequent passage (but see Granger v. Travelers Insurance Co., La.App. 3 Cir., 167 So.2d 211, certiorari denied), there is no evidence that the present deceased driver had ever in fact passed by the intersection before.

Quantum
By answer to the appeal the plaintiff-appellee requests an increase in the award.
At the time of his death, the decedent was 36 years of age, and he was earning $7,800 per year. The award of $65,000 to the plaintiff widow for her loss of support and loss of companionship does not constitute an abuse of the trial court's very great discretion in the award of such general damages. See, e. g., Bellard v. Liberty Mutual Ins. Co., La.App. 3 Cir., 208 So.2d 706 ($55,000 to widow of a 31-year-old man earning $6,500 per year); Renz v. Texas & Pacific Railway Co., La.App. 3 Cir., 138 So.2d 114 ($49,500 to widow of a 48-year-old husband earning $4,200 annually).

*154 Decree

For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] This enactment was in effect at the time of the accident of May 31, 1962. It has been repealed by the Highway Regulatory Act of 1962.