248 So.2d 42 (1971)
William WATTS, Jr., et al.
v.
CITY OF BATON ROUGE et al.
No. 8291.
Court of Appeal of Louisiana, First Circuit.
April 19, 1971.
Rehearing Denied May 31, 1971.
Writ Refused June 21, 1971.
John E. Caskey, Asst. Parish Atty., Joseph F. Keogh, Parish Atty., Baton Rouge, for appellants.
*43 Charles L. Miller, of Kleinpeter & Miller, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
TUCKER, Judge.
This is an appeal by the defendant, Parish of East Baton Rouge, from a judgment rendered and signed against it in favor of the plaintiff, William Watts, Jr., individually in the amount of TWO HUNDRED AND NO/100 ($200.00) DOLLARS, and in his capacity as head and master of the community in the sum of THREE HUNDRED EIGHT AND 34/100 ($308.34) DOLLARS for medical expenses and property damages, and in favor of plaintiff wife, Linda Watts, in the sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS as damages for her personal injuries, pain and suffering, stemming from an automobile accident which occurred on the night of December 16, 1967 about the hour of 11:20 P.M. at the "T" intersection of Byron Street and McClelland Drive, Baton Rouge, Louisiana.
Plaintiff, Mr. Watts, accompanied by his wife and their two small children as passengers, was proceeding easterly in his 1966 model Ford car on Byron Street at a speed estimated as between "25 or 30 at the most". He had never previously travelled on Byron Street, but had driven on McClelland Drive on an average of once weekly for the previous 4½ to 5 years. It was a misty, foggy night and the road surface was damp. He knew that Byron Street terminated at a dead-end when it reached McClelland Drive, but he testified that he did not know exactly where. When Watts reached a point estimated to be 20 yards or 60 feet from the intersection, he noticed the imminence of same, whereupon, he immediately applied his brakes, and turned his steering wheel to the right intending to stop his automobile and avoid running into a ditch, five feet in width by a depth of five to six feet in depth, on the east side of and parallel with McClelland Drive. These maneuvers were unsuccessful, and unfortunately his automobile ran into the subject ditch. There were admittedly no signs, markers, lights, controls or barricades on Byron Street warning the motoring public of the impending interruption of the street on which plaintiffs were proceeding.
There is no substantial dispute with respect to the defendant's negligence in failing to provide warning signs or a barricade to notify motorists of the impending danger created by the "T" intersection and the consequent interruption of the Byron traffic easterly by the relatively deep ditch on the east side of McClelland Drive and running parallel therewith. The testimony and photographic evidence in the record clearly shows that Byron Street continues as an asphalt roadway beyond and to the east of the ditch, and there are houses, commercial outlets and driveways leading to these edifices on the east side of the ditch. The evidence reflects there was a car parked in the witness Whitehead's driveway just to the east of the ditch and on the south side of the continuation of Byron Street. This condition without question would have the tendency of creating the delusion that the surface of Byron Street was uninterrupted in this area. The defendant vigorously argues that there is no absolute liability devolving upon a municipality for injuries occurring on its streets, and that under the provisions of LRS 32:235 municipal and parish authorities may place traffic control devices along the highways, streets and roadways under their jurisdiction as they may deem necessary. In the opinion of this court the evidence is overwhelming that the parish was extremely negligent in failing to provide or erect devices, signs, signals or barricades to warn motorists on Byron Street of the impending danger created at its "T" intersection with McClelland Drive and the ditch which interrupted any progress on Byron.
*44 The next issue raised by the parish relates to the trial court's failure to find the plaintiff to have been contributorily negligent in operating his car at an excessive rate of speed, though within the posted speed limit, under the prevailing weather conditions and the resulting road surface at the time of the accident. This court agrees with the lower court's finding that the record is devoid of evidence pointing to any contributory negligence on the part of the plaintiff Watts in the operation of his vehicle.
The defendant specifies that the lower court erred in its interpretation of the holdings in LeJeune v. State Through Department of Highways, 215 So.2d 150 (La.App.3d Cir. 1968), and that the decision here makes the parish the absolute insurer of any citizen who uses its streets. This court cannot agree with these sallies of the defense counsel. The facts here closely approach and substantially are in full accord with the facts presented in the LeJeune case. The trial court here in no wise skirted or discarded the judicial principles expressed in LeJeune, Hall v. State Through Dept. of Highways, 213 So.2d 169 (La.App.3d Cir. 1968), Carlisle v. Parish of East Baton Rouge, 114 So.2d 62 (La.App.1st Cir. 1959), and numerous other cases of kindred import, but rather it has manifested an assiduous application of the rules, precepts and holdings therein expressed. These cited cases are authority for the proposition that the governing authority which has jurisdiction over the highway, road, street or thoroughfare, has the legal duty to erect warning signs or barricades sufficient to warn motorists of any unusual obstruction, perilous condition or defect in the road face that would entail danger to the physical safety of those proceeding along such routes. Under the facts here the parish failed in its duty to provide warning devices or barricades at the rather deep ditch at the point where Byron Street terminates at its "T" intersection with McClelland Drive. The defendant's failure to exercise this duty and obligation, despite its officials having been informed of numerous other accidents of a similar nature with vehicles running into the subject ditch, constitutes gross negligence.
Where a litigant relies on contributory negligence of another party in defeating recovery, the burden of proving the facts necessary to apply this special defense rests with him who urges same. See Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465 (1963). As stated in LeJeune, motorists are not required to anticipate that a roadway on which they are traveling will suddenly end in an unmarked ditch or body of water.
The evidence here does not reflect acts of commission or omission in Watts' operation of his Ford automobile at the time the accident occurred. He was not driving at an excessive rate of speed considering the flow of traffic, the fog and mistiness with which he was confronted or the damp surface of Byron. As a matter of fact the evidence shows that he was maintaining a proper look-out and was travelling cautiously. This evidence has not been refuted.
The City of Baton Rouge was dismissed as a party defendant by the trial court by means of the maintaining of an exception of no cause of action. We agree with this holding.
The sole question remaining to be determined is whether the lower court erred in fixing the quantum of damages allowed. Defendant contends if plaintiffs are allowed to recover, the award of TWO THOUSAND AND NO/100 ($2000.00) DOLLARS to plaintiff, Mrs. Watts, should be reduced to the more realistic sum of ONE THOUSAND AND NO/100 ($1000.00) DOLLARS. The plaintiffs claim, on the other hand, that the award to Mrs. Watts is inadequate and that same should be increased to the amount of THREE THOUSAND, FIVE HUNDRED AND NO/100 ($3,500.00) DOLLARS, and that *45 the award to Mr. Watts in the sum of TWO HUNDRED AND NO/100 ($200.00) DOLLARS is inadequate, and should be increased to ONE THOUSAND AND NO/100 ($1000.00) DOLLARS, and, although the children experienced no physical injuries in the accident, that the damages for their emotional distress occasioned by the accident were well worth the sum of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, and that the judgment of the lower court should be amended, and plaintiff, Mr. Watts, in his representative capacity, should be granted this amount.
This court has examined the medical testimony of Dr. Chesney and the testimony of Mr. and Mrs. Watts with reference to the injuries, pain and suffering caused to them in the accident. Dr. Geheber took the x-rays of Mrs. Watts' wrist. Dr. Chesney observed the x-rays, and neither of these physicians could be sure whether the wrist injury was a fracture, or a "developmental variant" described as "minor steplike deformity of one milimeter". Dr. Chesney treated the condition as a fracture arising out of the accident, and a plaster of paris cast immobilizing the wrist, was applied and the said cast remained affixed to the wrist for some six weeks. This expert testified that if it were a "developmental variant", same had been activated or aggravated by the blow to the wrist received in the accident. Mrs. Watts also suffered headaches in varying degree of severity for some four to five months after the accident. Mr. Watts received two lacerations about his face more or less superficial in nature which did not require hospitalization other than emergency treatment. No injuries to the minor children have been established for which recovery can be allowed.
There is no manifest error in the trial court's determination of facts with reference to the manner in which the accident occurred, and this court holds that the awards to the plaintiffs, Mr. and Mrs. Watts, are neither excessive nor inadequate.
Therefore, this court affirms the judgment of the lower court at defendant's costs.
Judgment affirmed.