251 So.2d 424 (1971)
Milton FALGOUT and Earline Falgout
v.
Barney FALGOUT et al.
No. 8403.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
Rehearing Denied September 2, 1971.
*425 Wilmore J. Broussard, Jr., Dist. Atty., Houma, for appellants.
Stanley L. Perry, of Perry & Perry, Galliano, Gordon F. Wilson, Jr., of Hammett, Leake & Hammett, New Orleans, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
ELLIS, Judge.
This case, which is consolidated with Falgout v. Falgout et al., 251 So.2d 427, for trial, arises out of a one car accident which happened at 10:30 p. m. on December 17, 1965. The owner and operator of the vehicle involved was Barney Falgout. Riding as guest passengers were his wife, Anne Stender Falgout, and his parents, Milton Falgout and Earline Falgout. Made defendants in both cases are Barney Falgout, Government Employees Insurance Company, his insurer, and the Terrebonne Parish Police Jury.
After trial on the merits, judgment was rendered in favor of the plaintiffs in each suit, against the Police Jury. From those judgments, the Police Jury has appealed. Plaintiffs have also appealed, asking for an increase in their awards and for judgment against Barney Falgout and his insurer.
The night of the accident was dark and it was raining. Barney Falgout, seeking a short cut home, had inadvertently driven onto Horseshoe Road with which he was not familiar. The accident happened when Falgout came to a 90 degree turn in the road, and was unable to negotiate it. His car went into a large ditch next to the road, and the plaintiffs were injured as a result thereof.
It is not disputed that on the night of the accident there were no signs of any kind to warn approaching traffic of the right angle turn in the road. The Police Juror of that ward and the Terrebonne Parish road superintendent testified that there was supposed to be a sign 250 to 350 feet before the curve, but that it had been knocked into the ditch. They testified they found the sign there the next morning. Several witnesses who lived in the vicinity of the curve testified that they had no recollection of there having been a warning sign there, although they would not swear that such a sign had not been there.
The trooper who investigated the accident found no warning sign in place. He *426 further said that he had investigated two other accidents at the same curve within the prior two months, and that no sign was in place at those times. He had notified the Terrebonne Parish Sheriff's office of that fact on each occasion.
We find from the foregoing that, if a sign was there, it had been knocked down at least two months before the accident and not replaced. The record reflects that no regular inspection of traffic controls was carried out by the Police Jury at that time.
Under R.S. 32:235(B), the Police Jury has the responsibility of maintaining traffic signs and controls within its jurisdiction, including signs to warn motorists of hazardous conditions. Its failure to do so is a violation of its duty and constitutes negligent conduct. Hall v. State, Dept. of Highways, 213 So.2d 169 (La.App. 3 Cir. 1968).
In this case, we think the preponderance of the evidence is to the effect that there was no sign to warn traffic of the hazardous condition which existed in Horseshoe Road at the point of the accident. Even if a sign had been placed there, it had been knocked down and the Police Jury had either actual or constructive notice of that fact. The failure of the Police Jury to provide such a sign constitutes negligence proximately causing the accident herein.
Barney Falgout testified that he was driving 40 to 45 miles per hour. When he realized that the road turned sharply to the right, he applied his brakes, but did not attempt to turn because he thought he was going to go into a cane field. There was, in fact, a deep ditch next to the road, not visible to an approaching vehicle. His car left 63 feet of skid marks on the road before crashing into the ditch.
A motorist is not required to anticipate that the road on which he is driving will suddenly terminate in a ditch, nor that any hidden dangers or obstructions exist ahead, in the absence of sufficient warning to the contrary. Pierrotti v. Louisiana Department of Highways, 146 So.2d 455 (La.App. 3 Cir. 1962); LeJeune v. State, Dept. of Highways, 215 So.2d 150 (La.App. 3 Cir. 1968). We find, as did the trial judge, no negligence on the part of Barney Falgout, under the circumstances here presented.
Mrs. Earline Falgout suffered multiple bruises over her body, and two broken ribs. She also had a cut over one eye, which caused the eyelid to droop. She was discharged by her doctor in about a month, and the defect in the eyelid was corrected by a minor operation within a year after the accident. Considering the foregoing, including her pain and suffering from the bruises and broken ribs, the trial judge awarded her the sum of $2,500.00, which we find to be within the limits of his discretion.
Milton Falgout suffered a bruise of his forehead, with a small laceration over it, a cut on one finger, and badly bruised ribs. He suffered from pain for about a month, and occasionally has a sensation of tightness over the spot where his forehead was bruised. The judge awarded him $1,200.00, which we find to be adequate.
For the foregoing reasons, the judgment in this case is affirmed, with Terrebonne Parish Police Jury to pay such costs as they are liable for under the law.
Affirmed.