300 So.2d 232 (1974)
Henry Douglas MIXON, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellees.
No. 12387.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
Rehearing Denied October 1, 1974.
Writ Refused November 22, 1974.
*234 Hal V. Lyons, Shreveport, McKinley Law Offices by Leslie L. LaCroix, Jr., Monroe, for plaintiff-appellant, Henry Douglas Mixon.
Hudson, Potts & Bernstein by Jesse D. McDonald, W. Craig Henry, Monroe, for defendants-appellees, Allstate Ins. Co. and Hugh Gene Gamble.
Norman L. Sisson, Robert J. Jones, Jonathan C. Harris, Baton Rouge, for defendant-appellee, State of Louisiana, Dept. of Highways.
Before AYRES, HALL and WILLIAMS, JJ.
Rehearing En Banc. Denied October 1, 1974.
WILLIAMS, Judge.
The original plaintiff, Henry Douglas Mixon, filed this suit for damages, both general and special, allegedly suffered by him as the result of an accident which occurred at approximately 7:10 P.M. on December 19, 1971 in Ouachita Parish. Made defendants are Hugh Gene Gamble and his liability insurer, Allstate Insurance Company, and the State of Louisiana through the Department of Highways. Henry Douglas Mixon died August 19, 1973 from causes not connected with the accident, and his widow and heirs were properly substituted as plaintiffs. Mixon was 66 years of age on the date of the accident. Prior to his death his deposition was taken, and at the trial, filed in evidence.
The trial court dismissed the substituted plaintiffs' demands and a devolutive appeal was perfected by plaintiffs.
On December 19, 1971, Mixon was driving his pickup truck on Louisiana Highway 546 in a southerly direction. It was dark, the pickup lights were on, and rain, which had been falling had stopped. As Mixon approached the intersection of Highway 546 and Sullivan Road, his windshield wipers began to squeak and he reached to turn them off. In doing so Mixon momentarily took his eyes off the road and at this instant his vehicle reached the intersection of Highway 546 and Sullivan Road. Formerly what is now Sullivan Road was a part of a straight section of Highway 546. Because of problems with the roadbed on that segment of 546, a by-pass was built in the shape of a semicircle. This loop then became the main road, and the by-passed segment became Sullivan Road. The result is a perfect alignment of Highway 546 and Sullivan Road since formerly it was one straight stretch of road. Just past this intersection of Sullivan Road and 546 the loop begins and 546 curves to the left.
When Mixon looked up from turning his wipers off, he found himself at the intersection of 546 and Sullivan Road. He then became confused and first attempted to negotiate the curve to the left. He decided this was impossible and applied his brakes and entered Sullivan Road and continued down it approximately 150 feet. The rear portion of his pickup skidded to the left forcing the front of the vehicle into a shallow ditch on the right side of Sullivan Road. Mixon's truck came to a stop with its front end in the ditch on the west side of the roadway with the rear portion extending into the southbound lane. After Mixon's truck came to a stop he made an attempt to back it out and failed.
About this time a vehicle owned and driven by Patrick Marnell came upon Sullivan Road just south of Mixon's truck. Marnell was able to see Mixon's predicament and Marnell drove his car just to the rear of Mixon's pickup in the northbound lane of Sullivan Road. As this was taking place Mixon descended from his truck and walked past the rear of it to a position on the passenger side.
Marnell was accompanied by one passenger, his wife. He made inquiry of Mixon if he needed help and offered to go to a nearby house to ask for assistance to pull *235 Mixon's truck out. Mixon and Marnell stated the Marnell car was approximately four feet to the rear of Mixon's truck. The evidence shows the conversation between the two lasted no more than one or two minutes. The headlights of the Marnell car were on and the car pointed northward toward the extension of Sullivan Road into Highway 546. As Mixon and Marnell engaged in conversation, Hugh Gene Gamble was driving a Cadillac southward on Highway 546. Gamble's vision was impaired by the Marnell vehicle's lights and he was partially guiding his car by carefully watching the edge of the blacktop on his right. In doing so Gamble drove his car into Sullivan Road as the minor extension of the major Highway 546 and did not follow the curve on the major highway which would have caused Gamble to pass in front of the Marnell car. Mixon and Marnell suddenly realized the Gamble car was approaching on Sullivan Road. Marnell's car engine was running and Marnell made an effort to pull to his right. Mixon, standing in the southbound lane of Sullivan Road near the passenger side of his truck, froze in his tracks. When Gamble neared the front of Marnell's car he discovered his lane on Sullivan Road was blocked by the Mixon truck with an adult standing beside it. Gamble braked his car and guided it to his left striking the left side of Marnell's car, and bouncing off, struck the right rear of Mixon's pickup. The striking force on Mixon's pickup caused it to spin out of the ditch and the passenger side of the pickup struck Mixon, who was seriously injured and rendered unconscious.
The trial court found the State of Louisiana, Department of Highways negligent; Gamble was not negligent, and finally, that Mixon was guilty of contributory negligence, and dismissed his heirs' suit.
We agree with the trial court that the Department of Highways is negligent. It is well settled for alleged wrongful conduct to be actionable negligence it must be found a cause in fact of the resulting harm. This rule was stated clearly and succinctly by this court in Rossiter v. Aetna Casualty and Surety Company, 255 So. 2d 103 (La.App. 2d Cir. 1971) as follows:
"Thus, wrongful conduct, to constitute actionable negligence, must be a cause-in-fact of harm to another and constitute a substantial factor in bringing about that harm. Dixie Drive it Yourself Sys. v. American Beverage Co., supra [242 La. 471, 137 So.2d 298]; Ardoin v. Williams, 108 So.2d 817 (La.App., 2d Cir. 1959); Harvey v. Great American Indemnity Company, 110 So.2d 595 (La. App., 2d Cir. 1958)." (Emphasis supplied) [255 So.2d 103, 107]
There can be little doubt such a relationship is present between Mixon's injuries and the particular highway design and lack of sufficient warning signs. These deficiencies by the Highway Department were certainly substantial factors in causing Mixon's vehicle to become disabled and misguided the Gamble vehicle onto Sullivan Road.
We must next determine whether the Highway Department breached a legal duty imposed to guard against the risk involved. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). The lower court set forth the duty of the Highway Department as follows:
"The principles of law applicable to this case with respect to the duties of the Department of Highways are excellently set forth by Judge Hall of the Second Circuit Court of Appeal in the recent case of Petree v. Crowe et al., 272 So.2d 399 (1973 writ refused) at page 405:
`The duty imposed upon a state or its Department of Highways or other appropriate authority is to construct and maintain highways which are reasonably safe for public travel. In the performance of this duty the character of the road and the probable traffic must be kept in view, as the requirement of reasonable safety implies safety for the general *236 or ordinary travel, or use for any lawful or proper purpose. Kilpatrick v. State, 154 So.2d 439 (La.App. 2d Cir. 1963). See also, McCallum v. State Department of Highways, 246 So.2d 46 (La.App. 3d Cir. 1971); Reeves v. State, 80 So.2d 206 (La.App. 2d Cir. 1955); and Hogg v. Department of Highways of the State, 80 So.2d 182 (La.App. 2d Cir. 1955).
`The Department of Highways has a duty of maintaining the highways in a safe condition. This includes the duty of providing proper safeguards or adequate warnings of dangerous conditions in the highway. What constitutes proper safeguards and adequate warnings to motorists varies with the dangers presented and should be of such nature that it is commensurate with the danger. The negligence of the Department of Highways may be predicated on its knowledge or information of the existence of a dangerous or defective condition of the highway and subsequent failure to safeguard such condition. See McCallum v. State Department of Highways, supra. See also Falgout v. Falgout, 251 So.2d 424 (La.App. 1st Cir. 1971); Walker v. Jones, 230 So.2d 851 (La.App. 1st Cir. 1970); Hall v. State Department of Highways, 213 So.2d 169 (La.App. 3d Cir. 1968); Gayle v. Department of Highways, 205 So.2d 775 (La. App. 1st Cir. 1968); Kilpatrick v. State, supra; and Davis v. Department of Highways, 68 So.2d 263 (La.App. 2d Cir. 1953).
`The general rule is also well established and recognized in the jurisprudence that a motorist using a public highway has a right to presume, and to act upon the presumption, that the highway is safe for usual and ordinary traffic, either in daytime or at night, and that he is not required to anticipate extraordinary danger, impediments, or obstructions to which his attention has not been directed and of which he has not been warned. See Kilpatrick v. State, supra; Falgout v. Falgout, supra; and Reeves v. State, supra.'"
Defendant Highway Department does not contend the intersection was not hazardous nor that proper and sufficient warning signs were posted. It does, however, strongly urge the particular risk to plaintiff was not one encompassed by the above duty of the Department and therefore no duty/risk relationship existed. With this proposition we cannot agree.
As stated in Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620, 622 (1972): "The ease of association of the injury with the rule relied upon, however, is always a proper inquiry." Had Mixon been injured when he lost control of his truck and slid into the ditch, the duty of the Department could very easily be associated with such injury. Here, however, the injury was brought about by an intervening force, the Gamble vehicle. Thus, the issue for resolution is whether the new risk of injury to plaintiff, brought about by this intervening force, should also be included within the scope of protection of that duty imposed upon the Highway Department.
It is only a small step to find the duty that would protect Mixon had he been injured when his truck slid into the ditch, should also protect him against the risk that another motorist would likewise be misguided by the dangerous intersection with the resulting collision between the disabled Mixon truck and such motorist. The duty in either instance may be associated with the risk with relative ease.
Defendant Highway Department also contends plaintiff is not within the class of persons to which it owed the duty since in a technical sense plaintiff was a pedestrian at the time injured. The Department contends such duty is owed only to southbound motorists on Highway 546 who might become confused and lose control, and to northbound motorists stopped at the intersection of Sullivan Road and 546 who *237 might collide with such a southbound vehicle. We find no rational basis for protecting a person sitting inside a vehicle on Sullivan Road and not affording the same protection to a pedestrian. We conclude that a duty/risk relationship existed between plaintiff and defendant Highway Department and such duty was breached by the Department in allowing a hazardous condition to exist, especially without proper warning devices.
We also agree with the lower court in its finding of no negligence on the part of Gamble. There can be little doubt Gamble's collision with Mixon's truck thereby knocking the truck into Mixon was a cause in fact of Mixon's injury. Concerning the duty owed by Gamble, the lower court further stated:
"Plaintiff also charges defendant, Gamble, with `driving beyond the range of vision of his headlights so that it would be impossible to stop his vehicle upon observing an obstruction in the highway.'
`The general rule, subject to some exceptions, is that a motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of a motor vehicle is guilty of negligence in driving at a rate of speed greater than that which he could stop within the range of his vehicle. (cases cited) Ardoin v. Travelers Insurance Company, 229 So.2d 426, 429 (3rd Cir. 1969).'
"But see Bertrand v. Home Indemnity Company, 209 So.2d 307, 309 (3rd Cir. 1968, Writ Refused) wherein it was stated:
`Exceptions to the above stated general rule have been made in a number of cases where, because of unusual and extraordinary circumstances which were found to exist in those particular cases, the driver of the moving vehicle was held to be free from actionable negligence in colliding with a stationary object on the road ahead of him. (cases cited)'
"Thus, a motorist travelling at night is not necessarily charged with the duty of guarding against striking an unusual or unexpected obstruction which he has no reason to anticipate he would encounter on the highway."
The duty to keep a proper lookout for obstacles in the roadway would certainly encompass the risk of injury to a pedestrian as Mixon in this case. However, we agree with the trial court that Gamble did not breach this duty. There it was stated:
"* * * Gamble honestly thought the Marnell car was coming toward him and, therefore, he was covering ground that his own lights revealed to be free of any obstruction to traffic. The truck being slightly beyond Marnell's lights was not revealed to him until too late to stop. It is common knowledge to all who operate motor vehicles at night that the headlights of such vehicles will not reveal objects on the highway beyond the locus of an on-coming vehicle that also has bright headlights. * * * *
"Being on the open highway, Gamble had no reason to anticipate the road ahead would be blocked by a vehicle at right angles to the highway.
"The Court therefore, does not feel that the defendant, Gamble, was negligent in failing to see plaintiff's truck in time to avoid the accident."
The trial court in finding Mixon contributorily negligent stated:
"The court agrees that a motorist who becomes disabled on the highway at night is under an affirmative duty to take reasonable precautions to protect *238 himself from danger of injury from other approaching traffic. Hogan v. Travelers Insurance Co., 211 So.2d 704 (4th Cir. 1968)."
From this the court concluded that Mixon's remaining on Sullivan Road under the circumstances constituted negligence on his part thereby barring any recovery. With this position we cannot agree. There is little doubt that Mixon's positioning himself as he did in the roadway was a substantial factor in his resulting injury and therefore a cause in fact. We also recognize a general duty to remove oneself from danger of injury by approaching traffic. We feel, however, under these particular facts and circumstances that the risk to plaintiff being injured by his own vehicle which had been struck by another (whose driver became confused and missed the main highway and collided with yet another vehicle in the meantime) is not one that is covered by the above duty.
Discussing contributory negligence, the Louisiana Supreme Court stated:
"* * * The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstances. Restatement of Torts Second, Section 464 (1965). See: Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); Sloan v. Flack, 150 So.2d 646 (La.App. 3d Cir. 1963)...." [Smolinski v. Taulli, 276 So.2d 286, 290 La. 1973]
We feel Mixon's actions were very reasonable under the circumstances. He had just missed his road, lost control of his vehicle, and slid into a ditch. He attempted to free his truck but could not do so. When the rescuer, Marnell, drove up Mixon took the most direct route to the driver's side of Marnell's car to discuss the possibility of obtaining assistance to free his truck. Sullivan Road, on which plaintiff was standing, is a seldom traveled farm road. The entire chain of events took place within a 2 to 3 minute time span. Finally, we should look at alternatives available to Mixon. Just where should he have been at the time of the accident? If he had been entirely off the traveled portion of Sullivan Road on the shoulder or even in the right hand ditch, he would still have been hit by the spinning motion of his truck after it was struck by Gamble. If he had been standing more toward the middle of the road he would have been hit by Gamble's vehicle. If he had been standing behind (on the driver's side) of his pickup he would have been struck by the spinning motion of his truck, probably by its rear end. Finally, had plaintiff been standing on the passenger side of the Marnell auto the chances are he would have been hit by that same auto as it accelerated and cut to its right in an attempt to let the Gamble vehicle pass. It seems then that there was no safe place for Mixon to have been. We conclude there was no duty/risk relationship and therefore no actionable contributory negligence. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972).
For the foregoing reasons we affirm the trial court's findings of negligence on the part of defendant, Department of Highways, and freedom from negligence on the part of defendant Gamble. We reverse the judgment of the trial court insofar as it held plaintiff, Mixon, contributorily negligent.

QUANTUM OF DAMAGES
Mixon lived one year and eight months after the accident causing his injuries and was 68 years of age at his death. The record reflects he died from causes unrelated to the injuries he suffered in the *239 accident. He suffered a severe fracture of his left leg which was broken in five places. His right ear was badly lacerated and his right thigh received a bad bruise. He was first confined in St. Francis Hospital in Monroe for five days. It was necessary to perform surgery under general anesthesia to place metal pins in his left leg. Following surgery his leg was placed in a cast and on release from St. Francis Hospital he was removed to Jackson Parish Hospital where he remained for more than a month. He was required to use crutches and his leg remained in a cast in excess of three months. For several months thereafter Mixon was forced to use crutches when he moved about. When questioned about difficulties as a result of his injuries he said he suffered very little pain but had his greatest trouble with instability of his left leg and described his problem thus:
"A Nothing only just walking around with an old leg flopping on me and it will give out and by the time I get back to the truck, I will be so tired until I can't walk on the thing hardly,...."
We therefore set the award for pain, suffering and disability of the late Henry Douglas Mixon for injuries he received at $15,000 and special damages having been stipulated are fixed at $2,175.16.
Accordingly, the judgment of the trial court is affirmed insofar as it dismisses substituted plaintiffs' demands against Hugh Gene Gamble and his insurer, Allstate Insurance Company. The judgment of the trial court is reversed insofar as it dismisses substituted plaintiffs' demands against the State of Louisiana, Through the Department of Highways, and.
It is ordered, adjudged and decreed there be judgment in favor of Mrs. Merrel Jones Mixon, Jack Douglas Mixon, Jimmy Lane Mixon and Mrs. Bobby Mixon Bradshaw and against the State of Louisiana, Through the Department of Highways for the full sum of $17,175.16 with legal interest thereon from date of judicial demand until paid, and for all costs, plus costs of this appeal.
Affirmed in part; reversed in part and rendered.