I! KLIEBERT, Chief Judge.
Plaintiffs appeal an adverse judgment in favor of the Parish of Jefferson dismissing their claims for damages arising out of a single vehicle accident. On appeal, plaintiffs argue that the trial court erred in fading to apply the correct principles of law to the issues and facts involved; in finding that the plaintiffs did not prove that the Parish of Jefferson had actual or constructive notice of the hazard; and in failing to award damages to the plaintiffs.
The trial court, in its reasons for judgment, concluded that the plaintiffs provided no evidence that Jefferson Parish had actual or constructive knowledge of the lack of signs in the area of the accident and plaintiffs failed to meet their burden of proof on the issues of liability against the defendant, Jefferson Parish.

FACTS

Eric P. Winkles and Stephen W. Winkles, the minor sons of plaintiff, Mary Gussoni; and Richard Perrin, the minor son of plaintiff, Pearl L. Perrin, were passengers in a pick-up truck being driven by John D. Sherlock on January 3, 1992. At approximately 8:00 p.m., the Sherlock vehicle was traveling eastward on Cooper Road, which is owned and maintained by the 12Parish of Jefferson. At the time of the accident, there was a “Dead End” sign on Cooper Road approximately 1,168 feet from the end of the paved roadway of Cooper Road. At the end of the paved roadway of Cooper Road, there existed an undeveloped pathway, approximately 12½ feet wide, running through an unlit wooded area. At the end of the undeveloped pathway, there existed a drainage canal running parallel to and 23 feet west of Wright Avenue. This drainage canal was located approximately 450 feet from the end of the paved portion of Cooper Road.
The Sherlock vehicle continued eastward to the end of the paved portion of Cooper Road", traveled onto the dirt roadway through the wooded area and plunged into the drainage canal. John Sherlock, the driver of the vehicle, fled the scene. Stephen Winkles and Richard Perrin, who were riding in the rear *1009 of the pick-up truck, were injured in the accident and Stephen’s brother, Eric Winkles (riding in the cab of the truck) was killed by the impact.
LSA-R.S. 32:235 makes local governments responsible for placing and maintaining traffic control devices upon highways under their jurisdiction. Fontenot, et al. v. State, through the Department of Highways, et al, 346 So.2d 849 (La.App. 1st Cir.1977); Vervik v. State, through Dept. of Highways, 278 So.2d 530 (La.App. 1st Cir.1973).
The responsible governing authority which has jurisdiction over the highway, road, street or thoroughfare has the legal duty to erect warning signs or barricades sufficient to warn motorists of any unusual obstructions, perilous condition or defect in the road face that would entail danger to the physical safety of those proceeding over such routes. Callahan v. Town of Bunkie, 287 So.2d 629 (La.App. 3rd Cir.1973); Watts v. City of Baton Rouge, 248 So.2d 42 (La.App. 1st Cir.1971), writ refused 259 La. 63, 249 So.2d 203 (La.1971). Failure of the governing authority to erect or properly maintain appropriate warning signs or barricades at a “T” intersection where the road terminates in a deep ditch has been held to be a violation or breach of the duty to protect the ^traveling public from an unusually dangerous hazard. See Watts v. City of Baton Rouge, supra; McCallum v. State, Dept. of Highways, 246 So.2d 46 (La.App. 3rd Cir. 1971); LeJeune v. State, Dept. of Highways, 215 So.2d 150 (La.App. 3rd Cir.1968), writ refused 253 La. 321, 217 So.2d 413 (La.1969). However, in order for this violation of duty to constitute negligence, it must be shown that the public agency had knowledge, actual or constructive, of the danger and that it failed to correct the danger or warn motorists of the danger. Wall v. American Employers Ins. Co., 377 So.2d 369 (La.App. 2nd Cir. 1979), affirmed 386 So.2d 79 (La.1980); Harrison v. State of La., Dept. of Highways, 375 So.2d 169 (La.App. 2nd Cir.1979).
We agree with the trial court’s conclusion that the plaintiffs failed to provide evidence that Jefferson Parish had actual or constructive knowledge of the lack of signs in the area at the time of the accident. Although the investigating officer testified that he observed no signs at the end of Cooper Road at the time of his accident investigation, there is evidence in the record that Jefferson Parish replaced a stop sign and red blank signs at the end of Cooper Road in July, 1992. According to the testimony of the Jefferson Parish traffic engineer and the records introduced into evidence, those signs were replaced after the accident, although the original date of installation was unknown. There is no dispute that there was a “Dead End” sign on Cooper Road prior to the end of the paved roadway. There was no evidence of any similar accidents occurring at the end of Cooper Road prior to the accident of January 5, 1992. From the evidence, we cannot conclude that the trial court’s findings are in error.
Even if Jefferson Parish was held to have known of the danger of Cooper Road terminating into the drainage canal 450 feet from the end of the paved roadway, plaintiffs could not recover here. In deciding whether plaintiffs may recover on a negligence theory from Jefferson Parish, we must first determine whether the plaintiffs would have sustained injuries but for the lack of adequate signs or warnings.
|4Both Stephen Winkles and Richard Per-rin testified that they could recall very little about the accident. Winkles testified that he remembers traveling down Cooper Road and when the road got bumpy, he blacked out. He remembers waking up in the hospital.
Perrin’s trial testimony mirrored the testimony of Winkles. When asked at trial as to the speed of the vehicle as the vehicle was traveling through the bumpy portion, he testified that he could not tell how fast the vehicle was traveling. In Perrin’s statement to the police after the accident, he stated that the Sherlock vehicle was traveling about 50-55 miles per hour on the streets and about 35 miles per hour through the woods. Perrin also recalled seeing the “Dead End” sign on Cooper Road as the pick-up truck drove past the intersection of Cooper Road and Whitney Avenue. The speed limit on Cooper Road was 20 miles per hour.
*1010 The driver of the vehicle, John Sherlock, did not testify. According to the police report introduced into evidence by the plaintiffs, Sherlock’s vehicle was being chased by another vehicle.. Sherlock drove the truck onto Cooper Road and eventually drove through the wooded area at the end of the paved roadway. While driving through the woods, Sherlock looked back to see if his vehicle was still being followed and when he turned forward, his vehicle entered the canal.
In our view, the cause-in-fact of the accident was not the lack of signs or warnings, but rather the negligent operation of the Sherlock vehicle by its driver,'John Sherlock. The accident would not have happened but for the failure of John Sherlock to exercise reasonable care in the operation of his vehicle and to maintain a proper lookout.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiffs are cast for all costs.

AFFIRMED.